JOHN GENCARELLE *et ux. vs.* N. Y., N. H. & H. RY. Co.

WASHINGTON—MARCH 3, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *New Trial.*

A petition for a new trial by one of two plaintiffs is bad; such petition under the statute being in the nature of an appeal, all the parties plaintiff or defendant must join in such appeal.

(2) *Joinder of Parties.*

*Semble :* Under the provisions of cap. 194, § 16, Gen. Laws R. I., where the claim on which action is based is not joint, but several, the joinder of husband and wife as parties plaintiff is bad.

ASSUMPSIT to recover for services rendered. Heard on petition of plaintiff for a new trial. Petition dismissed.

TILLINGHAST, J. This is assumpsit to recover for services rendered in boarding, nursing, and taking care of one Teresa Agulino, who was seriously injured while alighting from a passenger train on defendant's railroad at Westerly, R. I.

The action is based on an alleged contract made with the defendant corporation by one Santo Turanno, who, it is alleged, was authorized by Elisha R. Potter, the assistant claim agent of the defendant, to do and have done whatever was necessary in taking care of and nursing the injured woman.

At the trial of the case in the Common Pleas Division the plaintiff was nonsuited, and the case is now before us on the petition of the plaintiff John Gencarelle for a new trial.

(1) The defendant's counsel takes the point, amongst others, that the petition is not properly before us because one of the plaintiffs, viz., Mariangela Gencarelle, is not joined therein. We think the point is well taken. The action being a joint one, it follows that the petition for a new trial must also be joint, as otherwise the party plaintiff is not before the court. A petition for a new trial, under the statute, is in the nature of an appeal, and it is well settled that in joint actions all of the plaintiffs or defendants, as the case may be, must join in the appeal. *Curry & Richards* v. *Stokes,* 12 R. I. 52 ; Elliott Appellate Procedure, §§ 138, 839.

(2) Other errors suggest themselves in connection with the case. The plaintiffs are husband and wife, and the evidence shows that the claim on which the action is based is not joint but several, and hence, under the statute, they must each sue alone. Gen. Laws R. I. cap. 194, § 16.[1]

---

[1] Gen. Laws R. I., Cap. 194, § 16.

"In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone."

The bill filed with the declaration setting out the plaintiff's claim includes the board, lodging, etc., of Alfozo Agulino, the husband of said Teresa, for nine weeks ; but there is no evidence that the defendant agreed to take care of him ; nor does the evidence show, except in a very general and vague way, the extent or value of the services rendered to said Teresa individually.   So that, even assuming that the action was rightly brought and that the plaintiffs are entitled to compensation, it would be practically impossible to determine the amount thereof from the record of the case before us.

A due regard to the orderly method of procedure would have avoided the difficulties suggested.

As the case is not properly before us, the petition must be dismissed.

Petition for new trial dismissed.

*A. B. Crafts*, for plaintiff.

*David S. Baker and John W. Sweeney*, for defendant.