NANNA S. BASSETT *vs.* JOSEPH LOEWENSTEIN AND ISAAC HAHN.

PROVIDENCE—MARCH 13, 1901.

PRESENT : Tillinghast, Douglas, and Blodgett, JJ.

(1) *Pleading and Practice. Joint Parties Defendant. Jury Trial. Appeal.*

A claim for jury trial under Gen. Laws R. I. cap. 237, § 7, is in the nature of an appeal. Hence, after decision against joint defendants, a claim for jury trial by one, not in the name of all, is void.

*Semble*, that a defendant has the right to join his co-defendant as a party appellant, and the costs of the appeal should be imposed upon the moving party under Gen. Laws R. I. cap. 247, § 20.

ASSUMPSIT. The facts are fully stated in the opinion. Heard on petition of one of two joint defendants for a new

trial upon the dismissal of his petition for a jury trial, after decision against the defendants jointly in a District Court. Petition denied.

Blodgett, J.   On December 6, 1900, the Sixth Judicial District Court rendered decision for the plaintiff against the two defendants, Loewenstein and Hahn, for the sum of $67.84 and costs.   From this decision a jury trial was claimed by Hahn alone, and the Common Pleas Division dismissed the claim of jury trial and remanded the case to the District Court upon the plaintiff's contention that a jury trial could not be claimed by one defendant, but must be claimed by both defendants.   The defendant duly excepted to said ruling, and brings the case here for a new trial.

(1)   We think the ruling of the Common Pleas Division was correct, that the case was properly remanded to the District Court, and that the remedy of the defendant Hahn must be sought, if at all, under the provisions of section 2, chapter 251, General Laws.   In *Curry & Richards* v. *Stokes*, 12 R. I. 52 (1878), Durfee, C. J., says :

"The first question, therefore, is whether an appeal taken by one of two plaintiffs in a common-law action is not ineffectual and void.

"We think it is.   The judgment is joint, not several.   It is *entire* against both, and therefore can be appealed from only by both jointly, or, at best, by one in the name of both. Even one of two defendants cannot, as a matter of course, appeal from a judgment rendered against both of them jointly."

This case was cited and approved in *Gencarelle et ux.* v. *N. Y., N. H. & H. Ry. Co.*, 21 R. I. 216 (1899), where the court say : "This action being a joint one, it follows that the petition for a new trial must also be joint, as otherwise the party plaintiff is not before the court.   A petition for a new trial under the statute is in the nature of an appeal, and it is well settled that in joint actions all of the plaintiffs or defendants, as the case may be, must join in the appeal."   See also *Clapp* v. *Smith*, 16 R. I. 368.

We are of opinion that a claim for jury trial under the provisions of section 7 of chapter 237 of the General Laws ·is also in the nature of an appeal and should be governed by similar considerations. The case should go from the District Court to the Common Pleas Division as a whole and not piecemeal. *Mellen* v. *Battey*, 22 R. I. 395. It follows that the defendant has a right to join his co-defendant as a party appellant. This course in no wise prejudices the right of one who does not appeal, since his only additional liability in the Common Pleas Division is for the costs which accrue in that tribunal; and we are of the opinion that that court should, upon motion thereto, impose all the costs accruing therein upon the moving appellant, under the provisions of section 20 of chapter 247, General Laws, as follows :

" In all appeals from any order, determination, or decree to either division of the Supreme Court, such division, on rendering judgment therein, may award costs for or against the appellant or appellee, or for neither of them, or may apportion the same between and among the parties appellant and appellee, in its discretion, according to the circumstances of the case, as to it shall appear equitable and just."

The defendant Hahn contends that the decision of the court in the unreported case of *Martin* v. *Walter et al.* (Ex. 2266), is decisive of the case at bar. That decision was as follows : " The court is of the opinion that the ruling of the Common Pleas Division that the judgment in favor of Walter against the plaintiff in the District Court is not affected by the claim of Rosen for jury trial upon the decision against said Rosen, is correct."

But that case is different from the case at bar in this respect—that in *Martin* v. *Walter* the District Court rendered decision against the defendant Rosen and in favor of the defendant Walter, and this court held that Walter had no appealable interest thereafter. · In the case at bar the decision of the District Court was against both the defendants Loewenstein and Hahn.

Exceptions overruled, and case remanded to the District

Court of the Sixth Judicial District with direction to enter judgment upon the decision against both defendants.

*George T. Brown*, for plaintiff.

*Wilson & Jenckes, William J. Brown, and Tillinghast & Murdock*, for defendants.